## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT AVERY, and
JOSHUA AVERY, f/k/a JOSHUA HICKS,
individuals,                                                                   Case No.:

      Plaintiffs,

v.

SYNCHRONY BANK,
a foreign for-profit corporation,

      Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiffs, ROBERT AVERY (hereinafter, "Plaintiff Robert") and JOSHUA AVERY f/k/a JOSHUA HICKS (hereinafter, "Plaintiff Joshua") (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendant, SYNCHRONY BANK (hereinafter, "Defendant").  In support thereof, Plaintiffs state:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Pinellas County, Florida.

4. At all material times herein, Plaintiffs are each an individual residing in Pinellas County, Florida.

5. At all material times herein, Defendant, SYNCHRONY BANK is a foreign for-profit corporation that, itself and through its subsidiaries, regularly extends consumer credit card services to consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7. At all material times herein, Plaintiffs are each a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

8. At all material times herein, Defendant attempts to collect a debt, specifically balances allegedly due on consumer credit cards issued by Defendant and referenced by Defendant's account numbers ending -1372, -9769, -3403, -9977, and -9227 (hereinafter collectively, the "Debt").

9. At all material times herein, Plaintiff Joshua is the owner and account holder for each of the credit card accounts that give rise to the Debt.

10. At all material times herein, Plaintiff Robert is an authorized user on each of the credit card accounts that give rise to the Debt.

11. At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household, or family use.

12. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

14. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

15. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

16. Defendant's telephone calls, as more specifically alleged below, were made to either Plaintiff Robert's cellular telephone number ending in -0361 (hereinafter, "Plaintiff Robert's Cellular Telephone") or Plaintiff Joshua's cellular telephone number ending in -7954 (hereinafter, "Plaintiff Joshua's Cellular Telephone") (hereinafter collectively, "Plaintiffs' Cellular Telephones") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

17. Plaintiff Robert is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending in -0361.

18. Plaintiff Joshua is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending in -7954.

19. In July 2015, Plaintiffs experienced financial hardship and consequently became

3

delinquent on their credit cards, giving rise to the Debt.

20.  At no time herein did Defendant possess Plaintiff Robert's prior express consent to call Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV.

21.  Further, if Defendant contends it possessed such consent, such consent was revoked the moment Plaintiff Avery first orally revoked consent for Defendant to call Plaintiff Robert's Cellular Telephone and each additional time Plaintiff Robert orally revoked such consent thereafter.

22.  At no time herein did Defendant possess Plaintiff Joshua's prior express consent to call Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV.

23.  If Defendant contends it possessed such consent, such consent was revoked the moment Plaintiff Joshua first orally revoked consent for Defendant to call Plaintiff Joshua's Cellular Telephone and each additional time Plaintiff Joshua orally revoked such consent thereafter.

24.  Additionally, if Defendant contends the below-referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

25.  On or about August 4, 2015, at approximately 4:11 p.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

26.  Immediately following the aforementioned call, Plaintiff Robert called Defendant and advised Defendant that Plaintiffs were experiencing financial hardship.  Further, Plaintiff Robert revoked any and all consent for Defendant to contact Plaintiff Robert on Plaintiff Robert's Cellular Telephone in an attempt to collect the Debt.

27. Moreover, Plaintiff Robert demanded Defendant cease calling all cellular telephone numbers Defendant had listed on any of Plaintiffs' accounts, i.e. the Debt.

28. During the immediately-aforementioned call, Defendant's employee or representative advised Plaintiff Robert that Defendant would cease calling Plaintiffs' Cellular Telephones in an attempt to collect the Debt and further advised Plaintiff Robert that he would note Plaintiff Robert's request for Defendant to cease calling Plaintiffs' Cellular Telephones on each account Plaintiffs had with Defendant, i.e. the Debt.

29. On or about August 4, 2015, at approximately 5:35 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

30. On or about August 4, 2015, at approximately 8:47 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

31. On or about August 5, 2015, at approximately 8:34 a.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

32. On or about August 5, 2015, at approximately 9:52 a.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

33. On or about August 5, 2015, at approximately 12:53 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

34. On or about August 5, 2015, at approximately 4:12 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect

the Debt.

35. On or about August 5, 2015, at approximately 5:23 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

36. On or about August 5, 2015, at approximately 8:31 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

37. On or about August 6, 2015, at approximately 8:05 a.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

38. On or about August 6, 2015, at approximately 9:07 a.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

39. On or about August 6, 2015, at approximately 9:28 a.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

40. On or about August 6, 2015, at approximately 5:22 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

41. On or about August 6, 2015, at approximately 8:50 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

42. On or about August 7, 2015, at approximately 8:04 a.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect

the Debt.

43. On or about August 7, 2015, at approximately 9:23 a.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

44. On or about August 7, 2015, at approximately 11:32 a.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

45. Immediately following the aforementioned call, Plaintiff Hicks returned Defendant's call and advised Defendant of Plaintiffs' financial hardship. Further, Plaintiff Joshua revoked any and all consent for Defendant to contact Plaintiff Joshua on Plaintiff Joshua's Cellular Telephone in an attempt to collect the Debt.

46. During the immediately-aforementioned call, Defendant's employee or representative advised Plaintiff Joshua that Defendant would not honor Plaintiff Joshua's demand for Defendant to cease calling Plaintiffs' Cellular Telephones until Plaintiffs were no longer delinquent on the Debt.

47. Defendant further informed Plaintiff Joshua that Defendant would report Plaintiffs' delinquency to the credit bureaus if Plaintiffs failed to pay the Debt.

48. On or about August 10, 2015, Plaintiffs retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter "Undersigned Counsel") for representation with respect to their debts generally, including the Debt.

49. On or about August 10, 2015, at approximately 1:48 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

50. On or about August 10, 2015, at approximately 3:21 p.m. EST, Defendant called

Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

51. On or about August 10, 2015, at approximately 5:30 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

52. On or about August 10, 2015, at approximately 7:38 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

53. Plaintiff Hicks answered the immediately-aforementioned call, identified Plaintiff Joshua's Cellular Telephone as a cellular telephone to Defendant and again demanded Defendant cease calling Plaintiffs' Cellular Telephones.

54. On or about August 12, 2015, at approximately 8:19 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

55. Plaintiff Joshua answered the immediately-aforementioned call, again advised Defendant's employee or representative "Amy" that she was calling Plaintiff Joshua's Cellular Telephone and again demanded Defendant cease calling Plaintiffs' Cellular Telephones.

56. On or about August 15, 2015, at approximately 8:38 a.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

57. On or about August 15, 2015, at approximately 10:57 a.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

58. On or about August 16, 2015, at approximately 10:50 a.m. EST, Defendant called

Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

59. On or about August 16, 2015, at approximately 1:03 p.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

60. During the immediately-aforementioned call, Plaintiff Robert spoke with Defendant's employee or representative "Courtney" and Plaintiff Avery *again* revoked any and all consent for Defendant to contact Plaintiffs on Plaintiffs' Cellular Telephones in an attempt to collect the Debt.

61. On or about August 19, 2015, at approximately 8:21 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone and left him a voicemail message using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

62. On or about August 21, 2015, at approximately 8:37 p.m. EST, Defendant called Plaintiff Joshua's Cellular Telephone and left him a voicemail message using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

63. On or about August 22, 2015, at approximately 8:42 a.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

64. On or about August 22, 2015, at approximately 10:39 a.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

65. On or about August 22, 2015, at approximately 12:58 p.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

66. On or about August 23, 2015, at approximately 10:23 a.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

67. On or about August 23, 2015, at approximately 11:53 a.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

68. On or about August 23, 2015, at approximately 5:04 p.m. EST, Defendant called Plaintiff Robert's Cellular Telephone and left him a voicemail message using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

69. On or about August 24, 2015, at approximately 8:19 a.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

70. On or about August 24, 2015, at approximately 4:07 p.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

71. On or about August 25, 2015, at approximately 9:20 a.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

72. On or about August 25, 2015, at approximately 3:53 p.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

73. On or about August 25, 2015, at approximately 8:40 p.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

74. On or about August 27, 2015, at approximately 8:39 a.m. EST, Defendant called Plaintiff Robert's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

75. Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

76. Plaintiffs have not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiffs. Plaintiffs assert, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and TCPA. Further, the Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiffs.

77. As a direct result of Defendant's actions, Plaintiffs suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that Plaintiffs' repeated demands for Defendant to cease calling Plaintiffs' Cellular Telephones were ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

78. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendant.

79. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiffs' Cellular Telephones in violation of the TCPA or the regulations proscribed thereunder.

80. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiffs' Cellular Telephones in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

81. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)</u>**

Plaintiffs re-allege paragraphs one (1) through eighty-one (81) as if fully restated herein and further state as follows:

82. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

83. Specifically, Defendant continued to repeatedly auto-dial Plaintiffs' Cellular Telephones despite Plaintiffs' repeated demands for Defendant to cease calling Plaintiffs' Cellular Telephones.

84. Furthermore, Defendant's employees or representatives directly advised both Plaintiff Robert and Plaintiff Joshua that Defendant would not honor Plaintiffs' requests for Defendant to cease contacting them, causing Plaintiffs to believe they must simply endure Defendant's continuous debt collection calls.

85. Defendant intended to abuse and harass Plaintiffs into paying the Debt by leading Plaintiffs to believe that, despite Plaintiffs invoking their consumer rights to demand Defendant

cease calling Plaintiffs' Cellular Telephones, Defendant could and would continue its unlawful collection activity until the Debt was satisfied.

86. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collection Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

87. As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through eighty-one (81) as if fully restated herein and further state as follows:

88. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

89. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff Robert's Cellular Telephone *at least* sixteen (16) times in its attempt to collect the Debt.

90. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff Joshua's Cellular Telephone *at least* twenty-three (23) times in its attempt to collect the Debt.

91. At no time did Defendants possess Plaintiffs' prior express consent to call Plaintiffs on Plaintiffs' Cellular Telephones.

92. Further, if Defendant contends it possessed such consent, Plaintiffs revoked such

consent the moment Plaintiff Robert and Plaintiff Joshua requested and demanded calls to cease to Plaintiffs' Cellular Telephones and each subsequent time Plaintiffs orally revoked such consent.

93. Additionally, if Defendant contends the above-referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express consent necessary to place such informational calls to Plaintiffs' Cellular Telephones using an ATDS, PTDS, or APV.

94. The phone calls placed by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

95. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered:

   a. The periodic loss of their cellular phone service;

   b. Lost material costs associated with the use of peak time cellular phone minutes allotted under their cellular phone service contract; and

   c. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiffs respectfully request an entry of:

   a. Judgment against Defendant declaring that Defendant violated the FCCPA and the TCPA;

   b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

   c. Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

      d.      Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

      e.      Actual damages in an amount to be determined at trial;

      f.      Punitive damages in an amount to be determined at trial;

      g.      An award of attorneys' fees and costs; and

      h.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence─paper, electronic documents, or data─pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
**[X] Aaron M. Swift, Esq., FBN 093088**
**☐ Gregory H. Lercher, Esq., FBN 0106991**
**☐ Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiffs*